# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**3D SCAN GUIDE LLC,**

        Plaintiff

        v.

**ABSOLUTE DENTAL SERVICES, INC.,**

        Defendant

**Case No. 1:25-cv-1177**

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff 3D Scan Guide LLC ("Plaintiff" or "3D Scan") hereby files this Original Complaint for Patent Infringement against Defendant Absolute Dental Services, Inc. ("ADS" or "Defendant"), and alleges, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff 3D Scan Guide LLC is a limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business at 18 East 48th Street, Suite 1702, New York, New York 10017.

2. Upon information and belief, Defendant Absolute Dental Services, Inc. is a domestic corporation organized and existing under the laws of the State of North Carolina, with a principal place of business located at 3600 University Drive, Durham, North Carolina 27707.  Defendant may be served through its registered

1

agent in the State of North Carolina at National Registered Agents, Inc., 160 Mine

Lake Court, Suite 200, Raleigh, North Carolina 27615.  On information and belief,

ADS makes, markets, sells, and internally uses a variety of dental technologies

(including but not limited to the infringing products identified herein) across the

United States, and particularly within this Judicial District, and commits acts of

infringement (both direct and indirect) within this Judicial District.



*See www.absolutedentalservices.com/contact.*



*See Google Maps.*

> **Overview**
>
> Absolute Dental Services is a state-of-the-art dental laboratory located in the Triangle area of North Carolina. Our service area stretches from around Chapel Hill in the west, Wake Forest in the north, Knightdale in the east and Fuquay-Varina in the south. Our delivery drivers serve customers in the Triangle on a daily basis Monday through Friday. Our customers located beyond these areas, and nationally, are served through prepaid UPS shipping.

*See www.linkedin.com/company/absolute-dental-services/.*



*See www.absolutedentalservices.com/locations.*

## <u>JURISDICTION AND VENUE</u>

3.      This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338.

4.      Defendant makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, dental products for tooth replacement solutions and oral tissue regeneration.  On information and belief, Defendant designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Asserted Patent, directly and or through intermediaries, as alleged herein.  Defendant markets, sells,

3

and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in the State of North Carolina and within this Judicial District, as alleged herein.

5.    This Court has personal jurisdiction over Defendant.  Defendant has continuous and systematic business contacts with the State of North Carolina and has committed acts of infringement in the State of North Carolina.  Defendant directly conducts business extensively throughout the State of North Carolina by manufacturing, providing, selling, offering for sale, importing, and/or distributing Accused Products (as defined herein) and services; and/or by inducing others to make and use its Accused Products and services in an infringing manner; and/or contributing to the making and use of Accused Products and services by others, including its customers, who directly infringe the Asserted Patent.  Defendant has purposefully and voluntarily made its services and training, including the infringing products, available to residents of this District and into the stream of commerce with the intention and expectation that they will be used by consumers in this District.

6.    Venue is proper in the Middle District of North Carolina as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b).  As noted above, Defendant maintains a regular and established business presence in this District.



*See www.absolutedentalservices.com/locations.*

**PATENTS-IN-SUIT**

7.  Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patents No. 7,210,881 and RE 47,368. By way of this Complaint, Plaintiff alleges infringement of the claims of RE 47,368 (hereinafter "the Asserted Patent" or "the '368 Patent").

8.  By operation of law, United States Patent No. 7,210,881 ("the '881 Patent") was originally issued and exclusively vested to the sole named inventor, Alex M. Greenberg, as of the date of issuance on May 1, 2007. *See* 35 U.S.C. § 261; *Schwendimann v. Arkwright Advanced Coating, Inc.,* 959 F.3d 1065, 1072 (Fed. Cir. 2020); *Suppes v. Katti,* 710 Fed. Appx. 883, 887 (Fed. Cir. 2017); *Taylor v. Taylor Made Plastics, Inc.,* 565 Fed. Appx. 888, 889 (Fed. Cir. 2014). Mr. Greenberg, in a written instrument dated April 30, 2015, and filed with the United States Patent and Trademark Office on May 4, 2015 at Reel 035553 and Frames 0504-0506, assigned all rights, title, and interest in the '881 Patent, together with all continuing and reissue applications therefrom, to Greenberg Surgical Technologies LLC. On June 9, 2015, United States Patent No. 9,050,665 ("the '665 Patent")

5

issued to Alex M. Greenberg. The '665 Patent issued as a continuing application from the '881 Patent. Thereafter, on June 6, 2017, Mr. Greenberg filed an Application to Reissue the '665 Patent and, following full and proper examination, the '665 Patent was reissued by the United States Patent and Trademark Office as RE 47,368 on April 30, 2019. Thereafter, in a written instrument dated December 17, 2019, Greenberg Surgical Technologies LLC assigned all rights, title, and interest in the '881 Patent and the '368 Patent to the Plaintiff, 3D Scan Guide LLC. The aforementioned assignment was filed with the United States Patent and Trademark Office on February 28, 2020 at Reel 051967 and Frames 0351-0353. As such, Plaintiff 3D Scan Guide LLC has sole and exclusive standing to assert the '368 Patent and to bring these causes of action.

9.     The '368 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

10.    The inventions described and claimed in the '368 Patent were invented individually and independently by Alex M. Greenberg.

11.    The '368 Patent includes numerous claims defining distinct inventions.

12.    By way of example, Claim 11 of the '368 Patent recites as follows:

A template for use with an instrument for penetrating an uncut irregular surface through a hole in said uncut irregular surface, said hole being located at a desired location on said uncut irregular surface, said template comprising:

a body including a custom surface shaped as a negative impression of the uncut irregular surface to conform to the uncut irregular surface, the body having a receiving section;

6

a removable portion configured to be arranged in the receiving section;

a removable guideway arranged at the removable portion and having a first end positioned to open onto said desired location when said body is placed in conforming contact with said uncut irregular surface, wherein the removable guideway comprises an inner piece and an outer piece, and wherein the outer piece includes an outer surface configured to engage an inner surface of the removable portion;

means for securing said removable portion to said body; and

the inner piece configured as a stop for limiting a depth of penetration of said instrument into said hole.

13. As described in great detail in the specification of the '368 Patent, a preferred embodiment of the template is for use with an instrument to drill a hole in a surface at a desired location. The template includes a body which has a negative impression of the surface, a guideway having a first end positioned to open onto the desired location when the body is placed in conforming contact with the surface, and a second end positioned on an exterior surface of the body. The second end of the guideway is connected to the first end by a passage. The template also includes a stop for limiting the depth of penetration of the drill bit into the hole.

14. The priority date of the '368 Patent is at least as early as May 20, 2005. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

15. The '368 Patent relates generally to apparatuses for use with an instrument to drill a hole in a surface (*e.g.,* the interior of a dental patient's mouth) at a desired location.

7

The template includes a body which has a negative impression of the surface, and a guideway having a first end positioned to open onto the desired location when the body is placed in conforming contact with the surface and a second end positioned on an exterior surface of the body. The second end of the guideway is connected to the first end by a passage. The guideway is preferably positioned in a portion of the template which is removable from the remainder thereof. The template also includes a stop for limiting the depth of penetration of the drill bit into the hole, a first fastener for attaching the stop to the body and a second fastener for fastening the removable portion of the template to the remainder of the template. *See* Abstract, '368 Patent.

16. As noted, the claims of the '368 Patent have priority to as early as May 20, 2005, or at minimum as early as May 22, 2006 (the "Date of Invention"). At that time, the customary procedures for carrying out oral surgery (including the use of drilling apparatuses) were deficient in their inability to adequately safeguard the depth of drilling. Such was of critical importance, as improperly drilled holes can have catastrophic and irreparable consequences. *See* '368 Patent at 1:33-2:38. The inventive template, as claimed, was an unconventional approach at the time, including because it uniquely provides for guidance of the dental instrument for entering a hole in a surface at a desired location, at a desired trajectory, and to a desired depth. *Id.* at 4:53-57.

17.   As of the Date of Invention, it was unconventional and non-routine to create templates having removable portions including removable guideways as claimed. *See* Amendment After Final, dated June 20, 2018, at pages 9-11.

18.   After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiners allowed all the claims of the '368 Patent to issue.  In so doing, it is presumed that Examiners Schaper and Wehner used their knowledge of the art when examining the claims.  *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiners Schaper and Wehner had experience in the field of the invention, and that the Examiners properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).  In view of the foregoing, the claims of the '368 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '368 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiners Schaper and Wehner.

19.   The claims of the '368 Patent were all properly issued, are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable

9

for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

20.     The nominal expiration date for the claims of the '368 Patent was June 5, 2025.

## THE ACCUSED INSTRUMENTALITIES

21.     Upon information and belief, Defendant makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, guided surgical template products and products that are made, sold, offered for sale or operate in a substantially similar manner. Such products are marketed as: NavaGation Precision Guidance, Synergy Plus (including Full Arch, Abutment, Conversion, and Base Guide), Synergy Guided Workflow, Synergy Zero, and EnCompass (collectively, the "Accused Products").

10



*See www.absolutedentalservices.com/absolute-protocol-manuals* (archived) ("A Clinician's Guide to Hybrid Guided Surgery & Latched Conversions") (hereafter "Clinician's Guide").



*See www.absolutedentalservices.com/absolute-protocol-manuals*.

11

## COUNT I
## Infringement of U.S. Patent No. RE 47,368

22.     Plaintiff incorporates the above paragraphs by reference.

23.     Defendant has been on actual notice of the '368 Patent at least as early as the date it received service of this Original Complaint.

24.     Upon information and belief, Defendant makes, uses, sells, offers for sale, imports, and/or distributes the Accused Instrumentalities and generates substantial financial revenues therefrom.

25.     Upon information and belief, Defendant has directly infringed and continues to directly infringe at least Claim 11 of the '368 Patent by making, using, importing, selling, and/or, offering for sale the Accused Instrumentalities.  The Accused Instrumentalities themselves comprise each and every limitation of Claim 11, and therefore directly and literally infringe (or, in the alternative, infringe under the doctrine of equivalents).

26.     The Accused Products comprise "[a] template for use with an instrument for penetrating an uncut irregular surface through a hole in said uncut irregular surface, said hole being located at a desired location on said uncut irregular surface," as detailed and depicted below (all images from the "Clinician's Guide" unless noted otherwise).

12



**Seating of Base Guide**

Base frame with latches      Base frame aligner      Base frame latched with occlusal aligner

Base frame seated      Base frame seated with latched aligner

## Base Frame

Once the base frame is designed at the bone reduction level, latches are placed to carry the additional surgical and conversion components. The base frame is dual purposed and will act as a bone reduction guide as well as a component carrier.



Base frame with bone reduction cut      High-water implant placement guide      Surgical guide latched base

13

**Seating the Base Guide (VITAL INFORMATION)**
NavaGation utilizes the base guide to hold vertical and planned occlusion. It also carries all surgical guides. Seating these guides accurately is by far the most important part of the surgical/conversion process. The precision of the conversion's occlusion depends on the surgeon's ability to seat these guides in the correct position. Always latch the components with the supplied latch pins, as they play an integral part in accuracy and predictability. Any shortcut will potentially have a severe impact on the entire process. The latches check seating, seating relates to occlusion and correct occlusion saves time.

Once tissue reflection is complete, the base guide is seated by hand but not fixated. The base guide is designed to seat onto the buccal bone where the DICOM data is very accurate. The surgeon will easily sense the seating position as it slots into the bone. The aligner is seated onto the occlusal table and latched into the base guide. This leaves the stack in undercut with the buccal bone and confirms accurate seating. Fixation pilot is drilled, and guide secured. An accurate seating of the base guide IS CRUCIAL to the success of the NavaGation conversion process. Accurate seating will directly influence the accuracy of the cross-mounted conversion and the diagnostic denture conversion occlusion.

  

Seating of base guide | Aligner latched to seat base guide | Fixation pilot hole drilled and base fixated

**Extractions and Bone Reduction**
Because NavaGation is a stackable process, the base guide will remain in place until the surgery, as well as the conversion process, is completed.

27.     The Accused Products further comprise "a body including a custom surface shaped as a negative impression of the uncut irregular surface to conform to the uncut irregular surface, the body having a receiving section," as detailed and depicted below.

14





28.　The Accused Products further comprise "a removable portion configured to be arranged in the receiving section," as detailed and depicted below.



Seating of surgical guide



**Base Frame**
Once the base frame is designed at the bone reduction level, latches are placed to carry the additional surgical and conversion components. The base frame is dual purposed and will act as a bone reduction guide as well as a component carrier.

Base frame with bone reduction cut    High-water implant placement guide    Surgical guide latched base

29.     The Accused Products further comprise "a removable guideway arranged at the removable portion and having a first end positioned to open onto said desired location when said body is placed in conforming contact with said uncut irregular surface," as detailed and depicted below.

16



*Keyed osteotomy guidance*

30. The Accused Products further comprise a removable guideway which comprises "an inner piece and an outer piece, and wherein the outer piece includes an outer surface configured to engage an inner surface of the removable portion," as detailed and depicted above.

31. The Accused Products further comprise a "means for securing said removable portion to said body," as detailed and depicted below.



17

**Guided Implant Placement**
NavaGation is not implant specific, but the conversion process can only be done accurately with a fully guided implant placement procedure. A fully guided surgical kit, with the ability to seat the implant to depth, rotationally indexed and delivered through the guide, aids in the predictability of the process. Please call one of our Absolute associates or your local implant representative if you need any help regarding this.



Seating of surgical guide

32.     The Accused Products further comprise "the inner piece configured as a stop for limiting a depth of penetration of said instrument into said hole," as detailed and depicted below.



Keyed osteotomy guidance

18

33. Plaintiff has suffered damages as a result of Defendant's direct infringement of the '368 Patent in an amount adequate to compensate for such infringement, but in no event less than a reasonable royalty from the date of first infringement to the expiration of the '368 Patent for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

34. To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '368 Patent, including upon actual notice via prior litigation between Plaintiff and defendants Chrome Full Arch Guided Systems and ROE Dental Laboratory, Inc. in the Eastern District of Texas, such infringement is necessarily willful and deliberate.

35. On information and belief, Defendant has a policy or practice of not reviewing the patents of others.  Further on information and belief, Defendant instructs its employees to not review the patents of others for clearance or to assess infringement thereof.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

36. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT II
## Induced Infringement of U.S. Patent No. RE 47,368

37. Plaintiff incorporates the above paragraphs by reference.

38. On information and belief, upon actual notice via prior litigation between Plaintiff and defendants Chrome Full Arch Guided Systems and ROE Dental Laboratory, Inc. in the Eastern District of Texas, Defendant has been and is presently indirectly

infringing one or more claims of the '368 Patent, by *inter alia* actively inducing infringement of the '368 Patent under 35 U.S.C. § 271(b). On information and belief, such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing oral surgeons and dentists to use infringing articles that Defendant knows or should know infringe one or more claims of the '368 Patent. On information and belief, Defendant, *inter alia*, creates and provides its infringing surgical guide templates and instructs and directs oral surgeons and dentists to reassemble them in an infringing manner as claimed in the '368 Patent either literally or under the doctrine of equivalents.

39.   On information and belief, upon actual notice via prior litigation between Plaintiff and defendants Chrome Full Arch Guided Systems and ROE Dental Laboratory, Inc. in the Eastern District of Texas, Defendant knew or was willfully blind to the fact that it was inducing others to infringe the '368 Patent. On information and belief, Defendant knowingly and actively aided and abetted the direct infringement of the '368 Patent by, *inter alia*, providing instructions and encouragement to oral surgeons and dentists to reassemble the surgical guide templates in an infringing manner.

40.   As a result of Defendant's infringement of the '368 Patent, Plaintiff has suffered monetary damages and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

**COUNT III**
**Contributory Infringement of U.S. Patent No. RE 47,368**

41.    Plaintiff incorporates the above paragraphs by reference.

42.    On information and belief, upon actual notice via prior litigation between Plaintiff and defendants Chrome Full Arch Guided Systems and ROE Dental Laboratory, Inc. in the Eastern District of Texas, Defendant has been and is presently indirectly infringing one or more claims of the '368 Patent, by contributing to infringement of the '368 Patent under 35 U.S.C. § 271(c) and/or §271(f), either literally and/or under the doctrine of equivalents.

43.    On information and belief, upon actual notice via prior litigation between Plaintiff and defendants Chrome Full Arch Guided Systems and ROE Dental Laboratory, Inc. in the Eastern District of Texas, Defendant has contributed to the infringement of the '368 Patent by, with knowledge of the '368 Patent and its infringing use, offering and/or providing to oral surgeons and dentists, and/or importing into the United States, its infringing surgical guide templates.  These infringing surgical guide templates (i) are a material part of the patented inventions claimed in the '368 Patent, (ii) are not a staple article or commodity of commerce suitable for substantial non-infringing use, and (iii) are especially made or especially adapted for use in an infringement of the '368 Patent.

44.    As a result of Defendant's infringement of the '368 Patent, Plaintiff has suffered monetary damages and is entitled to an award of damages adequate to compensate

it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff 3D Scan Guide LLC respectfully requests the Court enter judgment against Defendant as follows:

1.  Declaring that Defendant has infringed the Asserted Patent, including willfully;

2.  Awarding 3D Scan Guide LLC its damages suffered because of Defendant's infringement of the Asserted Patent;

3.  Declaring that this case is exceptional pursuant to 35 U.S.C. § 285

4.  Awarding 3D Scan Guide LLC its costs, reasonable attorneys' fees, expenses, and interest;

5.  Granting a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant from further acts of infringement with respect to the Asserted Patent;

6.  Awarding 3D Scan Guide LLC ongoing post-trial royalties for infringement of the non-expired claims of the Asserted Patent; and

7.  Granting 3D Scan Guide LLC such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff 3D Scan Guide LLC demands trial by jury, under Fed. R. Civ. P. 38.

Dated:  December 23, 2025                    Respectfully Submitted

                                             */s/ Alan B. Felts*
                                             Alan B. Felts
                                             NC State Bar No. 42826
                                             Email: afelts@tuggleduggins.com
                                             Mason P. Butner
                                             NC State Bar No. 60794
                                             Email: mbutner@tuggleduggins.com
                                             **TUGGLE DUGGINS P.A.**
                                             P.O. Box 2888
                                             Greensboro, NC 27402
                                             Tel: 336-378-1431

                                             *and*

                                             M. Scott Fuller*
                                             Texas Bar No. 24036607
                                             Georgia Bar No. 100968
                                             sfuller@ghiplaw.com
                                             **GARTEISER HONEA, PLLC**
                                             119 W. Ferguson Street
                                             Tyler, Texas 75702
                                             Telephone: (903) 705-7420
                                             Facsimile: (888) 908-4400

                                             * Notice of Special Appearance
                                             Pursuant to Local Rule 83.1(d)
                                             forthcoming

                                             **ATTORNEYS FOR PLAINTIFF
                                             3D SCAN GUIDE LLC**

23